HARDY, Judge.
This is a suit by plaintiff, individually and for the benefit of his minor daughter, seeking damages for medical expenses and personal injuries sustained by the minor. From judgment in favor of defendants rejecting plaintiff’s demands he has appealed.
This suit results from an automobile-train collision which occurred about dusk-dark in the late afternoon of December 20, 1964, in the City of Shreveport at a point where two tracks of defendant’s north-south railway lines cross 79th Street. Plaintiff’s seven-year-old daughter, a passenger in the automobile being driven by her mother, was injured when the vehicle was struck by a southbound switch engine which was pulling ten loaded freight cars.
Plaintiff’s petition alleged negligence on the part of defendants in failing to give audible signals; failing to maintain a clear right-of-way affording an unobstructed view of its railroad tracks at the crossing; failing to give warning of the approach of a train by the use of signals, flares or a flagman stationed at the intersection which constituted a dangerous trap, and in operating the train at a high and dangerous rate of speed.
Examination of the record discloses that plaintiff has completely failed to sustain any of the above noted charges of negli.gence, and, on the contrary, the testimony adduced on trial overwhelmingly supports the finding of the district judge that de *582 fendants were free of negligence and that the negligence of plaintiff wife, the driver of the automobile, was the sole proximate cause of the accident.
The testimony of plaintiff’s wife, mother of the injured minor, was that she was thoroughly familiar with the existence and nature of the crossing since she lived only a few blocks distant and had frequent occasion to traverse the crossing. This witness further testified that she brought her car to a stop at or just before reaching the east track; made observation but did not see the approach of a train; drove the car from its stopped position; was struck by the locomotive of the southbound train as her car reached the west track and was completely unaware of the approach of the train until she felt the impact of the collision. The testimony of the several members of defendant’s train crew was that the train approached the crossing at a speed of IS to 20 miles per hour with the bell ringing, the headlight burning, and after whistle signals had been given. The engineer, whose testimony was substantially corroborated by the fireman and two other members of the crew seated in the cab of the engine, testified the locomotive was coupled to the freight cars in a reverse position and, therefore, he had an unusually clear view of the crossing; that, at a distance of about 300 feet, he saw the automobile come to a stop at or near the east track; that the vehicle moved from its stopped position at a time when the locomotive was only 40 or SO feet distant from the crossing, whereupon he applied the emergency brake but was unable to avoid the collision. It was established that the train was brought to a stop some 336 feet down the track.
The testimony of the above witnesses, as above stated, was uncontroverted. It was further the testimony of these witnesses, supported by the testimony of two investigating police officers, that no impediment to view existed and that there were no high weeds, brush or other obstructions at or near the crossing as is contended by plaintiff. Although a misting rain had been falling it was not raining at the time of the accident and there was no appreciable impairment of visibility resulting from the somewhat inclement weather. The mother of the minor offered no . explanation for her failure to see the approach of the train and it is difficult to imagine any reasonable explanation, particularly in view of the testimony of a civil engineer, witness for defendant, that from the position at which the automobile was stopped there was a clear view along defendant’s tracks to the north for at least a quarter of a mile.
It is the principal burden of the argument of plaintiff’s counsel to this Court that the testimony of two expert physicists justifies the conclusion that defendant’s train was moving at a speed of 26.5 miles per hour in violation of the limitation of 20 miles per hour fixed by ordinance of the City of Shreveport. With all deference to the qualifications of these distinguished witnesses, their testimony is not conclusive. Their computations were made upon the basis of a mathematical formula for determining the co-efficient of friction of a steel wheel upon a steel rail. Admittedly, the witnesses did not take into consideration the numerous variable factors which were involved in connection with this particular incident. In any event, the testimony of these witnesses, based upon mathematical calculations, is overcome by the preponderating weight of the testimony of witnesses to the actual occurrence of the collision.
Finally, as was observed by the district judge, even conceding that defendant’s train was moving at a speed in excess of the 20 mile per hour limit, this fact would not constitute either a proximate or contributing cause of the accident. It is conclusively established that the sole cause of the accident was the negligence of the driver of the automobile.
Nor does the testimony in any degree support plaintiffs charge that the crossing constituted a dangerous trap. There was no obstruction to the view nor *583 were there any other factors present which would indicate that this crossing presented any unusual danger or hazard to traffic moving on the ci'ty street.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.